FILED
SEP 20 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael A. Rancourt, *et al.*,  )
)
       Plaintiffs,  )
)
v.  )  Civil Action No. *13-1432 UNA*
)
)
United States Attorney General Eric Holder, )
)
       Defendant.  )

## MEMORANDUM OPINION

This matter, brought *pro se* by two registered sex offenders, is before the Court on its initial review of their "Complaint for Declaratory and Injunctive Relief under Title 42 U.S.C. § 1983." Both plaintiffs are former Massachusetts state prisoners now residing in different states. *See* Compl. Caption. As they admittedly have done before, plaintiffs "seek a declaration that the Jacob Wetterling Act [JWA] and related United States Attorney General guidelines are unconstitutional as applied [and] an order enjoining enforcement of the same." *Doe v. U.S. Atty. Gen.*, 657 F. Supp. 2d 315, 316-17 (D. Mass. 2009); *see* Compl. ¶ 8 (describing "previously dismissed litigation"). In the earlier case, the District of Massachusetts granted Attorney General Holder's motion to dismiss on the ground that the plaintiffs lacked standing to challenge the federal statute. *See Doe*, 657 F. Supp. 2d at 317-19.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the



prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case." *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

Since plaintiffs' standing to challenge the JWA was adjudicated on the merits, and "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), this action is barred by *res judicata*. *See GAF Corp. v. U.S.*, 818 F.2d 901, 912 (D.C. Cir. 1987) ("The judgment ordering dismissal . . . [has] preclusive effect as to matters actually adjudicated; it will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal."); *Zellars v. U.S.*, 578 F. Supp. 2d 1, 3 (D.D.C. 2008) ("[T]his Court's earlier dismissal of the claim for lack of subject matter jurisdiction is a final judgment on the merits for res judicata purposes.") (footnote omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: September __, 2013

2